UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

  v.

Case No. 25-cv-918-pp

JOHN DOE
*subscriber assigned IP address 24.240.216.254*,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE (DKT. NO. 4)**

---

On June 30, 2025, the plaintiff filed a complaint alleging that an unknown individual (the defendant) engaged in direct copyright infringement. Dkt. No. 1. The plaintiff indicates it "is the owner of award-winning, critically acclaimed adult motion pictures." Id. at ¶2. The plaintiff alleges that, "[u]sing the BitTorrent protocol, Defendant is committing rampant and wholesale copyright infringement by downloading [the plaintiff]'s motion pictures as well as distributing them to others." Id. at ¶4. The plaintiff has filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference because it believes it will be able to identify the defendant through this third-party subpoena. Dkt. No. 4.

1

I.   **The Plaintiff's Motion to Expedite Discovery**

On July 21, 2025, the plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Dkt. No. 4. The plaintiff alleges that—through its forensic software ("VXN Scan")—it discovered that the defendant's IP address was illegally distributing several of the plaintiff's motion pictures. Dkt. No. 5 at 1. The plaintiff notes that "[t]his IP address is assigned to Defendant by his or her Internet Service Provider ('ISP'), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." Id. at 1–2. The plaintiff "now seeks leave to serve limited, immediate discovery on Defendant's ISP, Spectrum, so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." Id. at 2.

The plaintiff argues that the court has the authority to permit expedited discovery under Rule 26(d) of the Federal Rules of Civil Procedure. Id. at 4 (citing Wuluvarana v. Does, No. 22-cv-982, 2023 WL 183874, at *3 (E.D. Wis. Jan. 13, 2023)). The plaintiff contends that "[a]lthough different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" Id. at 4–5 (quoting Kohler Co. v. Nulka Grp. Storefront on www.amazon.com, No. 23-CV-0372, 2023 WL 2919831, at *1 (E.D. Wis. Mar. 23, 2023) (citations omitted)). The plaintiff claims that a court assessing a subpoena to an ISP—

2

seeking the identifying information of a subscriber who is a party to litigation—should consider several factors, including:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) the need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.

Id. at 5 (quoting Malibu Media, LLC v. Doe, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019)).

The plaintiff argues it has satisfied all five factors outlined in Malibu Media, 2019 WL 7876473, and should thus be granted leave to issue a third-party subpoena on Spectrum. Id. at 5–9. First, the plaintiff claims its complaint shows the elements of direct copyright infringement—*i.e.*, "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original[,]" Id. at 5 (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991))—by stating:

> (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[D]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "At no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise."

Id. at 5–6 (quoting Dkt. No. 1 at ¶¶52–54). Second, the plaintiff contends that its "subpoena is limited and only 'seeks concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address[.]'" Id. at 7 (quoting John Wiley & Sons, Inc. v. Doe, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)). Third, the plaintiff asserts that "[s]ince there is no public

3

registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation." Id. at 8 (citing BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc., 881 F.3d 293, 299 (4th Cir. 2018)). Fourth, the plaintiff avers that the subpoenaed information is necessary to advance its claim because "[t]his case cannot move forward unless the defendants' true identities are ascertained, and a subpoena appears to be the only means by which this might be accomplished." Id. (quoting Kohler, 2023 WL 2919831, at *2). Finally, the plaintiff contends that the defendant's minimum privacy interest is substantially outweighed by the plaintiff's interest in protecting its copyrights from mass BitTorrent infringers. Id. at 9 (citing Third Degree Films, Inc. v. Does 1-2010, No. 11 MC 2, 2011 WL 4759283, at *5 (N.D. Ind. Oct. 6, 2011)).

## II.     Legal Standard

Rule 26(d) of the Federal Rules of Civil Procedure states that a party may not seek discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "The federal rules do not provide a standard for determining when a court may authorize discovery before the defendants have been served," Wuluvarana, 2023 WL 183874, at *3, but "[t]he prevailing view in this Circuit is that the movant must demonstrate 'good cause for the request,'" Strike 3 Holdings, LLC v. John Doe a/k/a Subscriber Assigned IP Address 72.133.216.27, Case No. 23-CV-1546, 2023 WL 9119843, at *1 (E.D. Wis. Dec. 11, 2023) (quoting Kohler, 2023 WL 2919831, at *1). See also Wuluvarana,

4

2023 WL 183874, at *3 (collecting cases). "To assess whether the movant has shown good cause, courts generally evaluate the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Strike 3 Holdings, 2023 WL 9119843, at *1 (quotations omitted). "A court may find that there is good cause 'when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party.'" Wuluvarana, 2023 WL 183874, at *3 (quoting Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc., No. 17-cv-00949, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017). The plaintiff correctly notes that factors pertinent to this analysis include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) the need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.

Strike 3 Holdings, 2023 WL 9119843, at *1 (quoting Malibu Media, 2019 WL 7876473, at *2).

### III. Analysis

The plaintiff has shown good cause for its request for expedited discovery by thoroughly addressing the five factors outlined in Malibu Media, 2019 WL 7876473, at *2. Dkt. No. 5 at 5–9.

To begin, the plaintiff states a *prima facie* claim of direct copyright infringement. Id. at 5–6. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Design Basics, LLC v. Signature

5

Constr., Inc., 994 F.3d 879, 886 (7th Cir. 2021) (quoting Feist, 499 U.S. at 361). In the plaintiff's complaint and its attached exhibits, the plaintiff indicated it owns the adult motion pictures at issue and that the defendant downloaded and distributed these motion pictures without the plaintiff's authorization. Specifically, Exhibit A of the plaintiff's complaint lists the works the plaintiff alleges the defendant distributed and the copyright information for each work—*i.e.*, the date of publication, the date of registration, and the work's copyright registration number. Dkt. No. 1 at ¶¶45–46; Dkt. No. 1-1. This states a *prima facie* claim for copyright infringement.

The plaintiff has made a specific request by seeking "concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address." Dkt. No. 5 at 7 (quoting John Wiley & Sons, 284 F.R.D. at 190). The court agrees that "[t]here is a reasonable likelihood that this information will lead to information sufficient to identify and make possible service upon the Doe defendants." Id. (quoting Third Degree Films, 2011 WL 4759283, at *5).

Additionally, the plaintiff has explained that there are no alternative means for it to obtain the subpoenaed information, namely the identity of the internet subscriber associated with the subject IP address. Id. at 7–8. As the plaintiff observes "there is no public registry of what IP addresses correspond to which subscribers." Id. at 8 (citing BMG Rts. Mgmt, 881 F.3d at 299). However, ISPs, like Spectrum, are responsible for assigning IP addresses as well as "know[ing] who an address is assigned to and how to get in contact with

6

them." Id. at 7. So, the plaintiff's proposed third-party subpoena is the appropriate avenue to identify who is associated with the subject IP address.

Furthermore, the court acknowledges that the subpoenaed information is necessary to advance the plaintiff's claim. Id. at 8. "Although there is no prohibition on filing suit against unknown defendants, 'John Doe defendants must be identified and served within [90] days of the commencement of the action against them.'" Wuluvarana v. Does, Case No. 22-cv-982, 2023 WL 8627670, at *8 (E.D. Wis. Dec. 13, 2023) (quoting Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995)) (citing Fed. R. Civ. P. 4 advisory committee's note to 2015 amendment. ("The presumptive time for serving a defendant is reduced from 120 days to 90 days.")). The court agrees "[t]his case cannot move forward unless the defendants' true identities are ascertained, and a subpoena appears to be the only means by which this might be accomplished." Dkt. No. 5 at 8 (quoting Kohler, 2023 WL 2919831, at *2).

Finally, the plaintiff persuasively argues that its interest in protecting its copyrights outweighs the defendant's privacy interest. Id. at 9. The plaintiff has alleged a significant interest in protecting its copyright by explaining how "piracy is a major threat and causes tremendous damage to [the plaintiff]." Id. at 3. Meanwhile, a "John Doe's privacy interest is minimal at best . . . [b]ecause internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber information." Strike 3 Holdings, 2023 WL 9119843, at *2 (quotations omitted). In balancing the competing interests, the court

agrees that the plaintiff's interest in protecting its copyrights outweighs the defendant's privacy interest.

Because the plaintiff has shown good cause for its request for expedited discovery, the court will grant the plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. See Wuluvarana, 2023 WL 183874, at *3 ("A court may find that there is good cause when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." (quotation omitted)). Despite granting the plaintiff's motion, the court cautions that the subscriber associated with the subject IP may not be the alleged copyright infringer because "[m]any devices and individuals may share the same IP address." Strike 3 Holdings LLC v. Doe, No. 23-CV-1152, 2023 WL 6148887, at *2 (E.D. Wis. Sept. 20, 2023). But the court acknowledges that "[i]dentifying the subscriber may be merely the first step in identifying the John Doe defendant." Id. The court finds the plaintiff has demonstrated good cause for expedited discovery and will allow the plaintiff to work towards identifying the defendant through its third-party subpoena.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Dkt. No. 4.

The court **ORDERS** that Spectrum must provide a copy of the subpoena to John Doe and any other affected user as soon as possible after service of the subpoena. Spectrum and any affected user must have fourteen (14) days from

8

the date of service of the subpoena to object to the subpoena under Federal Rule of Civil Procedure 45(d)(2)(B). Spectrum must not disclose John Doe's identifying information, or such information for any other affected user, during that fourteen-day period (or if a timely objection is served, unless and until the court so orders). If an objection is served, Spectrum must preserve any material responsive to the subpoena for a period of no less than ninety (90) days to allow the plaintiff to file a motion to compel, if the plaintiff so desires.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**